UNITED STATES BANKRUPTCY COURT
DISTRICT OF COLORADO

| | |
|---|---|
| In re:<br><br>FRESH PRODUCE HOLDINGS, LLC,<br><br>Debtors. | Case No. 15-13485-MER<br><br>Chapter 11 |

**ORDER (A) APPROVING BID PROCEDURES AND BID PROTECTIONS, (B) APPROVING THE AGENCY AGREEMENT SUBJECT TO HIGHER AND BETTER BIDS, (C) SCHEDULING A SALE HEARING, (D) APPROVING THE FORM AND MANNER OF NOTICE RELATED THERETO, AND (E) GRANTING RELATED RELIEF**

This matter is before the court on the Emergency Motion of Debtor to Approve Comprehensive Sale Process Relating to Store Closing Sales and Sale to the Highest Bidder and to (A) Approve Agency Agreement, Bid Procedures and Bid Protections; (B) Schedule a Sale Hearing; (C) Approve the Form and Manner of Notice Related Thereto; (D) Authorize Sale Free and Clear of All Liens, Claims, Encumbrances and Interests; and (E) Grant Related Relief (the "**Motion**"); and it appearing that the relief requested is in the best interests of the Debtors'[1] estates, creditors and other parties in interest; and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that this Motion is a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that venue of this proceeding and this Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of this Motion having been provided; and it appearing that no other or further notice need be provided; and after due deliberation and good and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1. The Motion is granted.

2. Any objections to entry of this Order or the relief granted herein that have not been withdrawn or waived and all reservations of rights included in such objections, are overruled in all respects on the merits.

3. Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion or the related Agency Agreement, between the Debtors and Yellen Partners, LLC ("**Stalking Horse Liquidator**"), attached as Exhibit B to the Motion, as appropriate.

---

[1] The Debtors in the chapter 11 cases include: Fresh Produce Holdings; Fresh Produce Retail, LLC (Case No. 15-13415-MER); Fresh Produce Sportswear, LLC (Case No. 15-13416-MER); Fresh Produce of St. Armands, LLC (Case No. 15-13417-MER); FP Brogan-Sanibel Island LLC (Case No. 15-13420-MER); and Fresh Produce Coconut Point, LLC (Case No. 15-13421-MER). The location of the Debtors' service address is: 2865 Wilderness Place, Boulder, Colorado 80301.

4. If the Debtors elect to pursue an alternative higher/better transaction, whether with another party serving as liquidating agent or to a going concern buyer or otherwise, the Debtors shall pay to Stalking Horse Liquidator a break up fee in the amount of $70,000 (the "**Break-Up Fee**") and an expense reimbursement of Stalking Horse Liquidator's actual out of pocket legal and due diligence costs not to exceed $20,000 ("**Expense Reimbursement**," and together with the Break-Up Fee, the "**Bid Protections**"). The Bid Protections shall be entitled to priority as a superpriority administrative expense claim in this Case pursuant to section 507 of the Bankruptcy Code, senior to all other administrative expense superpriority or priority claims, and shall be paid in cash within five days of entry of the Sale Order approving a competing bid.

5. Payment to Stalking Horse Liquidator of the Bid Protections (i) is an actual and necessary cost and expense of preserving the Debtors' estates within the meaning of section 503(b) of the Bankruptcy Code, (ii) is of substantial benefit to the Debtors' estates, (iii) is reasonable and appropriate, including in light of the size and nature of the proposed Liquidation Sale and the efforts that have been and will be expended by Stalking Horse Liquidator, notwithstanding that the proposed Liquidation Transaction is subject to higher or otherwise better offers, (iv) was negotiated on an arm's-length basis and in good faith, and (v) is necessary to ensure that Stalking Horse Liquidator will continue to be bound to the offer contained in the Agency Agreement.

6. The Bid Protections are hereby approved and, where applicable, shall be paid to Stalking Horse Liquidator. Pursuant to sections 105, 363, 364, 503, 506 and 507 of the Bankruptcy Code, the Debtors are hereby authorized and directed to pay, without further order of this Court, the Break-Up Fee and Expense Reimbursement, pursuant to the terms and conditions set forth herein.

7. No person or entity, other than Stalking Horse Liquidator, shall be entitled to any expense reimbursement, break-up fee, "topping" fee, termination fee, or other similar fee or payment, whether paid by the Debtors or otherwise.

8. The Court approves the following bidding and auction procedures which shall govern the submission and acceptance of competing bids at the Auction (the "**Bidding Procedures**"):

*Notice:*

- Within one (1) business day following the entry of the Bid Procedures Order, the Debtor will serve the Notice on: (a) the Office of the United States Trustee for the District of Colorado, (b) the Debtors' 30 largest unsecured creditors, (c) counsel to Wells, (c) all parties known to be asserting a lien in the Debtors' assets, (d) each of the Debtors' landlords, (e) the Internal Revenue Service, (f) the Securities and Exchange Commission, (g) the Office of the Attorney General for each of the states in which the Debtors operate, (h) cities and counties where the stores are located, (i) various federal and state tax and consumer protection authorities, and (j) all entities entitled to notice pursuant to Bankruptcy Rule 2002.

### *Participation Requirements:*

- The Debtors will cooperate and provide access to potential bidders who seek to conduct diligence (collectively, the "**Potential Bidders**").

- On or before the Bid Deadline (defined below), each Potential Bidder must submit a Qualified Bid (as defined below) to the following: (i) counsel to the Debtors, Brownstein Hyatt Farber Schreck, LLP, 410 17th Street, Suite 2200, Denver, Colorado 80202, Attn: Michael J. Pankow and Joshua M. Hantman, (ii) counsel to Wells, Markus Williams Young & Zimmerman LLC, 1700 Lincoln, Suite 4550, Denver Colorado 80203, Attn: James T. Markus, and (iii) counsel to the Official Committee of Unsecured Creditors, if one is appointed (the "**Committee**") (collectively, the "**Bid Recipients**").

- All Bids are irrevocable until seven days after the Sale Hearing.

- All Liquidation Transaction bids shall be based upon the terms and conditions of the Agency Agreement submitted by Stalking Horse Liquidator and shall provide for a bid amount that equals or exceeds the sum of (i) the Guaranteed Amount, plus (ii) $140,000 (comprised of the $90,000 Bid Protections plus $50,000), with no other modifications to the Agency Agreement submitted by Stalking Horse Liquidator.[2]  In the event that a Liquidation Transaction bid is the winning bid, on the second business day after entry of the Sale Order, the winning bidder shall pay to Wells Fargo Bank, N.A. ("**Wells**") as the Debtors' designee, an amount (the "**Initial Guaranty Payment**") equal to eighty percent (80%) of the Guaranty Percentage.  The winning bidder shall pay the balance of the Guaranty Percentage by wire transfer to Wells on the earlier of (x) the second business day following the issuance of the Final Inventory Report, and (y) thirty days after the Sale Commencement Date.

- Going Concern Transaction bids are not subject to an initial overbid requirement and will be based on a proposed asset purchase agreement (the "**Form APA**") to be provided by the Debtors to prospective Going Concern Transaction bidders. Any bidder making a Going Concern Transaction Bid shall provide a deposit in an amount not less than ten percent (10%) of the purchase price of such bidder's bid in good funds.

### *Bid Deadline:*

- The deadline to submit competing bids will be on or before 4:00 p.m. Prevailing Mountain Time on **[     ], 2015** (the "**Bid Deadline**").

---

[2] If potential liquidation bidders propose other modifications to the Stalking Horse Liquidator Agency Agreement, any such modifications will be considered by the Debtors in determining whether to accept or reject such Bid.

### *Qualified Bid Requirements:*

- Bids for a Liquidation Transaction or a Going Concern Transaction that meet the following conditions shall be deemed "**Qualified Bids**," and bidders submitting Qualified Bids shall be deemed "**Qualified Bidders**":

    o To be considered by the Debtors as a Qualified Bid, such bid must (unless otherwise determined by the Debtors, in consultation with Wells and the Committee):

    a) give sufficient indicia that the bidder or its representative is legally empowered, by power of attorney or otherwise, to both bid on behalf of the bidder and also to complete and sign, on behalf of the bidder, a binding and enforceable agency agreement or an asset purchase agreement, as applicable;

    b) in the case of a Liquidation Transaction, deliver to the Bid Recipients on or before the Bid Deadline, (I) written evidence of the bidder's ability to consummate the transaction as required by the Debtors, (II) a redline version of the submitted Agency Agreement compared to the Agency Agreement submitted by Stalking Horse Liquidator (III) a clean version of the submitted Agency Agreement executed by such liquidation bidder which does not contain any contingencies including, but not limited to, due diligence and financing contingencies; and

    c) in the case of a Going Concern Transaction, deliver to the Bid Recipients on or before the Bid Deadline (I) written evidence of the bidder's ability to consummate the transaction as required by the Debtors, (II) a redline version of an Asset Purchase Agreement compared to the Form APA, (III) a clean version of the submitted Asset Purchase Agreement executed by such Going Concern Transaction bidder, which does not contain any contingencies including, but not limited to, due diligence and financing contingencies. Any bidder making a Going Concern Transaction Bid shall provide a deposit in an amount not less than ten percent (10%) of the purchase price of such bidder's bid in good funds. If one or more Going Concern Transaction proposals are received, the Debtors in consultation with Wells and the Committee will evaluate which, if any, of such bids should be deemed Qualified Bids for purposes of participating in the Auction as described below.

- Potential Bidders shall be required to complete and execute a confidentiality agreement. Upon execution of a confidentiality agreement, the Debtors will provide reasonable access to due diligence material before the Auction.

- The Debtors, in consultation with Wells and the Committee, will determine, in their sole discretion, (i) whether a bid(s) is a Qualified Bid(s), and (ii) at the conclusion of the Auction, which bid constitutes the highest and/or best bid.

- The Debtors, in consultation with Wells and the Committee may request additional information from a bidder to evaluate the bidder's ability to consummate a transaction and to fulfill its obligations in connection therewith, and such bidder shall be obligated to provide such information.

- Each bidder, as a consequence of submitting a bid, shall be deemed to acknowledge: (a) that it is bound by these Bidding Procedures; (b) that it had an opportunity to inspect and examine the Assets and to review all pertinent documents and information with respect to the Assets before making its offer and that each such bidder relied solely on that review and upon its own investigation and inspection in making its bid; and (c) except as expressly provided for in the agency agreement accompanying its bid, such bidder is not relying upon any written or oral statements, representations or warranties of the Debtors, their agents or representatives.

- ANY BIDDER FAILING TO COMPLY WITH THESE REQUIREMENTS MAY NOT BE CONSIDERED A QUALIFIED BIDDER.

*Auction:*

- The Auction will be conducted on **[        ], 2015 at 10:00 a.m.** (Prevailing Mountain Time) at the offices of Brownstein Hyatt Farber Schreck, LLP, 410 17th Street, Suite 2200, Denver, Colorado 80202 or such other location as may be selected by the Debtors.

- Only Qualified Bidders who have complied with the Bid Procedures may improve their Bids at the Auction. At the commencement of the Auction, the Debtors will announce the best bid (or combination of bids) received to date and will open the Auction for other Qualified Bidders to improve upon their bid. Bidding increments will be announced at the outset of the Auction. Bidding at the Auction will continue until such time as the highest or otherwise best Bid is determined by Debtors in consultation with Wells and the Committee. The Debtors, in consultation with Wells and the Committee, may adopt or modify rules for the bidding process. The Debtors, in consultation with Wells and the Committee, in their sole discretion, will select the highest or otherwise best bid(s) (the "**Successful Bidder**") at the conclusion of the Auction, subject to Court approval, and the Successful Bidder(s) will be required to enter into a definitive agency agreement and/or asset purchase agreement (as consensually modified by the parties, if appropriate), as applicable, before the Auction is deemed closed.

- The Debtors, with the consent of Wells, reserve the right to, to (i) adjourn the Auction or (ii) modify the Bidding Procedures at the Procedures Hearing or at the Auction.

- Notwithstanding anything to the contrary set forth in this Order, Stalking Horse Liquidator is deemed to be a Qualified Bidder and shall be permitted to participate and bid at the Auction.

- Wells may credit bid its secured claim against the Debtors in the Auction.

9. The Sale Hearing will be held on **[      ], 2015 at 10:00 a.m. (Mountain)**.

10. The Sale Hearing may be adjourned, from time to time, without further notice to parties in interest other than by announcement of the adjournment in open Court.

11. All objections to the relief sought in the Sale Order must be filed with the Court no later than **[      ], 2015**; provided, however, that objections to the approval of the Successful Bidder after the Auction may be raised at the Sale Hearing.

12. The Debtors are hereby authorized to take such steps and incur such expenses as may be reasonably necessary or appropriate to effectuate the terms of the this Order.

13. Notice of the Bidding Procedures, the Auction, the Sale, the Sale Hearing, the Assumption and Assignment and the relief requested in the Motion with respect thereto shall be good and sufficient notice, and no other or further notice shall be required, if given as set forth in this Order.

14. Notwithstanding Bankruptcy Rules 6004, 6006 or otherwise, this Bidding Procedures Order shall be effective and enforceable immediately upon entry.

15. This Court shall retain jurisdiction over all matters arising from or related to the implementation or interpretation of this Order, including, but not limited to, any matter, claim or dispute arising from or relating to the Bid Protections and the Agency Agreement.

Dated this ____ day of _____, 2015.

_____
U.S. Bankruptcy Judge