UNITED STATES BANKRUPTCY COURT
DISTRICT OF COLORADO

| | |
|---|---|
| In re: | Case No. 15-13485-MER |
| FRESH PRODUCE HOLDINGS, LLC, *et al.*[1] | Chapter 11 |
| Debtors. | Jointly Administered |

**INTERIM ORDER AUTHORIZING (I) CONTINUED USE OF EXISTING CASH MANAGEMENT SYSTEM, (II) MAINTENANCE OF EXISTING BANK ACCOUNTS, AND (III) MAINTENANCE OF EXISTING INVESTMENT PRACTICES**

Upon consideration of the Motion (the "**Motion**")[2] of the above-captioned debtor and debtor in possession (collectively, the "**Debtor**") seeking entry of an order (this "**Order**") (a) authorizing the (i) continued use of Debtor's existing cash management system, and (ii) maintenance of existing bank accounts, and (b) granting a 60-day extension for the Debtor to either comply with the requirements of section 345(b) of the Bankruptcy Code or file a motion seeking an additional extension or waiver of the requirements of section 345(b) of the Bankruptcy Code, all as more fully set forth in the Motion; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. §157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409, and sufficient notice of the Motion having been provided under the circumstances; and it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Motion (the "**Hearing**"); and the appearances of all interested parties having been noted in the record of the Hearing; and upon the record of the Hearing, and all of the proceedings had before

---

[1] The Debtors in the chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number include: Fresh Produce Holdings, LLC (2945); Fresh Produce Retail, LLC (5124); Fresh Produce Sportswear, LLC (1339); Fresh Produce of St. Armands, LLC (2806); FP Brogan-Sanibel Island LLC (2574); and Fresh Produce Coconut Point, LLC (5784). The location of the Debtors' service address is: 2865 Wilderness Place, Boulder, Colorado 80301.

[2] All capitalized terms used but not defined in this Order shall have the meanings ascribed to them in the Motion.

1

the Court; and the Court having determined that the relief sought in the Motion is in the best interests of the Debtor, its creditors, and all parties in interest; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefore,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED.

2. The Debtor is authorized to continue to maintain, operate, and make transfers under the Cash Management System in the ordinary course of its business in the same manner and on the same basis as the Debtor implemented and maintained prior to the commencement of these chapter 11 cases, including by making the payments to the Processors as more fully described in the Motion.

3. The Debtor is authorized to continue use of the existing Bank Accounts with the same names and account numbers as such Bank Accounts existed immediately prior to the Petition Date (with the option to the Debtor and the Banks of streamlining its Cash Management System by closing or consolidating Bank Accounts in accordance with the terms and conditions of the existing account and service agreements).

4. The Debtor is authorized to deposit funds into and withdraw funds from any of the Bank Accounts (subject to available funds or, in the case of zero balance accounts, subject to the availability of funds in the applicable linked funding accounts) by all usual means, including but not limited to checks, wire transfers, electronic funds transfers, and other debits.

5. The Debtor is authorized, but not obligated, to pay or otherwise satisfy all of the accrued but unpaid Chargebacks, and to continue to pay or otherwise satisfy all of the Chargebacks in the ordinary course of business.

6. The Debtor is authorized to continue to make intracompany transfers among the Bank Accounts in the ordinary course of its business through the Cash Management System.

7. The Debtor is authorized to treat the Bank Accounts, along with any accounts opened postpetition, for all purposes as debtor in possession accounts.

8. The Banks are authorized and directed to maintain, service, and administer the Bank Accounts, without interruption and in the ordinary course of business, in accordance with applicable non-bankruptcy law and the account agreements and/or other service documentation between the applicable Bank and the Debtor relating to such accounts.  Without limiting the foregoing, each of the Debtor's Banks is authorized to debit the Debtor's accounts in the ordinary course of business without need for further order of this Court for:  (i) all checks, items, and other payment orders drawn on the Debtor's accounts which are cashed at such Bank's counters or exchanged for cashier's checks by the payees thereof prior to the Bank's receipt of notice of filing of the Petition; and (ii) all checks, automated clearing house entries, and other items deposited or credited to one of Debtor's accounts with such Bank prior to the Petition Date which have been dishonored, reversed, or returned unpaid for any reason, together with any fees and costs in connection therewith, to the same extent the Debtor was responsible for such items prior to filing of the petitions.

9. The Banks are authorized and directed to rely on the representations of the Debtor as to which disbursements are authorized to be honored or dishonored, whether or not such

disbursements are dated prior to, on, or subsequent to the Petition Date, and whether or not the Bank believes the payment is authorized by an order of the Court.

10. The Banks are authorized to charge and collect, and the Debtor is authorized, but not directed, to pay the prepetition and postpetition service charges and other fees and expenses to which the Banks are entitled under the terms of their account agreements and/or other service documentation with the Debtor.

11. Those certain existing deposit agreements between the Debtor and its existing Banks shall continue to govern the postpetition cash management relationship between the Debtor and the Banks, and that all of the provisions of such agreements, including, without limitation, the termination and fee provisions, shall remain in full force and effect.

12. The Debtor and the Banks may, without further Order of this Court, agree to and implement changes to the cash management systems and procedures in the ordinary course of business, including, without limitation, the opening and closing of bank accounts.

13. Each of the Debtor's Banks is authorized to debit the Debtor's accounts in the ordinary course of business without the need for further order of this Court for: (i) all checks drawn on the Debtor's accounts which are cashed at such Bank's counters or exchanged for cashier's checks by the payees thereof prior to the Petition Date; (ii) all checks or other items deposited in one of the Debtor's accounts with such Bank prior to the Petition Date which have been dishonored or returned unpaid for any reason, together with any fees and costs in connection therewith, to the same extent the Debtor was responsible for such items prior to the Petition Date; and (iii) all undisputed prepetition amounts outstanding as of the date hereof, if any, owed to any Bank as service charges for the maintenance of the Cash Management System.

14. Any of the Debtor's Banks may rely on the representations of the Debtor with respect to whether any check or other payment order drawn or issued by the Debtor prior to the Petition Date should be honored pursuant to this or any other order of this Court, and such Bank shall not have any liability to any party for relying on such representations by the Debtor as provided for herein.

15. No Bank shall be liable to the Debtor or its estates, or otherwise held in violation of this Order, for honoring a prepetition Disbursement or other Disbursement at the direction of the Debtor to honor such prepetition Disbursement or other Disbursement. To the extent that the Debtor directs that any Disbursement be dishonored or the Banks inadvertently dishonor any Disbursements, the Debtor may issue replacement Disbursements consistent with the orders of this Court.

16. The Debtor is granted an initial 60-day extension from the Petition Date to (a) comply with the requirements of section 345 of the Bankruptcy Code, (b) file a motion seeking authority to deviate from such requirements, or (c) file a motion seeking a further extension.

17. Notwithstanding anything to the contrary contained herein, any payment made or to be made under this Order, any authorization contained in this Order, or any claim for which payment is authorized hereunder, shall be subject to the requirements imposed on the Debtor under any orders of this Court approving any debtor-in-possession financing for, or any use of cash collateral by, the Debtor and any budget in connection therewith.

18. Notwithstanding anything to the contrary contained herein, this Order does not authorize payment of prepetition claims not otherwise authorized.

19. Bankruptcy Rule 6003 has been satisfied because the relief requested in the Motion is necessary to avoid immediate and irreparable harm to the Debtor.

20. Notwithstanding any applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon entry of the Order.

21. The Debtor is authorized and empowered to take all actions necessary to implement the relief granted in this Order.

22. This Court hereby retains jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

23. This is an interim Order effective pending further order of the Court. A final hearing on the Debtor's Motion has been set for **April 27, 2015 at 9:00 AM**.

Dated: April 10, 2015 *nunc pro tunc* April 9, 2015.

BY THE COURT:

_____
Michael E. Romero
U.S. Bankruptcy Judge