UNITED STATES BANKRUPTCY COURT
DISTRICT OF COLORADO

| In re: | |
|---|---|
| FRESH PRODUCE HOLDINGS, LLC, *et al.*[1] | Case No. 15-13485-MER |
| | Chapter 11 |
| Debtors. | |

**DEBTORS' MEMORANDUM OF LAW
REGARDING GOING OUT OF BUSINESS SALES**

The Debtors submit this Memorandum of Law in reply to the objections to the *Emergency Motion of Debtor to Approve Comprehensive Sale Process Relating to Going Out of Business Sale and Sale to the Highest Bidder and to (A) Approve Agency Agreement, Bid Procedures and Bid Protections, (B) Schedule a Sale Hearing, (C) Approve the Form and Manner of Notice Related Thereto, (D) Authorize Sale Free and Clear of All Liens, Claims, Encumbrances and Interests, and (E) Grant Related Relief* (the "**Sale Motion**") filed by various landlords (the "**Landlords**") [Dkt. Nos. 48, 114, 115, 116, 119, 121, 123, 127, 144, 189, and 192] (collectively, the "**Objections**") and state as follows:

**PRELIMINARY STATEMENT**

The highest bidder for the Debtors' assets, Blue Stripe, LLC, ("**Blue Stripe**") has agreed to assume the majority of the Debtors' leases, but does propose inventory reduction sales at twelve of the Debtors' stores. In light of this, objections generally raised by the Landlords that the Sale Motion infringes on their contractual abilities to restrict the Debtors' use of their rental properties may remain ripe for decision. The Objections are based on arguments that have been rejected by courts presiding over retail bankruptcies all over the country for decades. The

---

[1] The Debtors in the chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number include: Fresh Produce Holdings, LLC (2945); Fresh Produce Retail, LLC (5124); Fresh Produce Sportswear, LLC (1339); Fresh Produce of St. Armands, LLC (2806); FP Brogan-Sanibel Island LLC (2574); and Fresh Produce Coconut Point, LLC (5784). The location of the Debtors' service address is: 2865 Wilderness Place, Boulder, Colorado 80301.

Debtors' Sale Motion should be approved so that creditors other than the Landlords may see a return on their claims against these estates.

I.     **The Court May Invalidate Restrictive GOB Laws and Lease Provisions**

Store closing or liquidation sales ("**GOB Sales**") in chapter 11 cases involving retail debtors have been routine occurrences for years. *See In re Ames Dept. Stores*, 136 B.R. 357, 359 (Bankr. S.D.N.Y. 1992) (declining to enforce a landlord's anti-GOB lease provision because of "overriding federal policy requiring Debtor to maximize estate assets"). As such, bankruptcy courts in jurisdictions across the country have routinely approved store closing sales similar to those proposed in the Sale Motion. *See, e.g., In re Coupounas, LLC d/b/a GoLite, LLC*, Case No. 14-23906-EEB (Bankr. D. Colo. Nov. 13, 2014); *In re Alco Stores, Inc., et al.,* Case No. 14-34941-SGJ (Bankr. N.D. Tex. Nov. 20, 2014); *In re Circuit City Stores, Inc., et al.,* Case No. 08-35653-KRH (Bankr. E.D. Va. Jan. 16, 2009); *In re Metropark USA, Inc.,* Case No. 11-22866-RDD (Bankr. S.D.N.Y. May 6, 2011); *In re FFW Opco, Ltd., d/b/a Furniture Factory Warehouse*, Case No. 10-33761-HDH (Bankr. N.D. Tex. June 9, 2010); *In re Coldwater Creek*, Case No. 14-10867 (BLS) (Bankr. D. Del. May 7, 2014); *In re Anchor Blue Holding Corp.*, Case No. 11-10110 (PJW) (Bankr. D. Del. Jan. 13, 2011); *In re Samsonite Company Stores, LLC*, Case No. 09-13102 (PJW) (Bankr. D. Del. Sept. 10, 2009); *In re Sportsman's Warehouse, Inc.*, Case No. 09-10990 (CSS) (Bankr. D. Del. Mar. 23, 2009); *In re Goody's, LLC*, Case No. 09-10124 (CSS) (Bankr. D. Del. Jan. 21, 2009); *In re Boscov's*, Case No. 08-11637 (KG) (Bankr. D. Del. Aug. 15, 2008); *In re Goody's Family Clothing, Inc., et al.*, Case No. 08-11133 (CSS) (Bankr. D. Del. Jun. 13, 2008); *In re Linens Holding Co., et al.*, Case No. 08-10832 (CSS) (Bankr. D. Del. May 30, 2008); *In re Sharper Image Corp.*, Case No. 08-10322 (KG) (Bankr. D. Del. May 30, 2008); *In re Tweeter Home Entm't Group, Inc.*, Case No. 07-10787 (PJW) (Bankr.

D. Del. July 13, 2007); *In re Three A's Holdings, L.L.C.*, Case No. 06-10886 (BLS) (Bankr. D. Del. Sept. 25, 2006).

The aforementioned Bankruptcy Courts that have approved GOB sales include not only the District of Delaware and the Southern District of New York, but also the District of Colorado, the Northern District of Texas, the Western District of New York, the Southern District of Georgia and the Eastern District of Virginia.

Certain of the Landlords claim that the Sale Motion's request to invalidate restrictive lease provisions and certain local laws relating to liquidation sales is impermissible. *See, e.g.,* Docket Nos. 119 at ¶ 13; 121 at ¶ 17; 127 at ¶ 19. Yet, bankruptcy courts have consistently recognized that federal bankruptcy law preempts state and local laws that contravene the underlying policies of the Bankruptcy Code. *See Belculfine v. Aloe (In re Shenango Group, Inc.)*, 186 B.R. 623, 628 (Bankr. W.D. Pa. 1995) ("Trustees and debtors-in-possession have unique fiduciary and legal obligations pursuant to the bankruptcy code . . . [A] state statute [] cannot place burdens on [a debtor] where the result would contradict the priorities established by the federal bankruptcy code."), *aff'd,* 112 F.3d 633 (3d Cir. 1997). The Sale Motion contains additional legal arguments on the unenforceability of lease restrictions and state and local laws, statutes and ordinances pertaining to GOB Sales. *See* Sale Motion at ¶¶ 57-64.

Under the circumstances of this case, enforcing the use restrictions of anti-liquidation laws would undermine the fundamental purpose of Bankruptcy Code section 363(b) by placing constraints on the Debtors' ability to maximize estate assets for the benefit of creditors. Because GOB sales are generally triggered by insolvency or financial distress, prohibitions on them also fall into section 365(e)(1)'s invalidation of contractual provisions conditioned upon insolvency or financial condition of the debtor. *In re Tobago Bay Trading Co.*, 112 B.R. 463, 467 (Bankr.

N.D. Ga. 1990) (invalidating "lease provisions prohibiting this Chapter 11 debtor from liquidating its inventory at its retail store locations" because "the prohibitions in section 365(b)(2)(A) and (e)(1)(A) are broader than just *ipso facto* clauses"); *see also In re Okla. Plaza Investors*, 124 B.R. 108, 113 (Bankr. N.D. Okla. 1991) (stating in a retail context that "the Lease cannot be voided by the lessee because of the bankruptcy of the lessor.").

Notably, section 365(e)(1) invalidates not only contractual provisions based upon insolvency or financial condition of the debtor; it also expressly invalidates provisions conditioned upon insolvency that may be found "in applicable law." Accordingly, courts across the country recognize that the Bankruptcy Code preempts anti-liquidation state and local laws and have granted relief similar to that requested in the Sale Motion. *See, e.g., In re Crawford Furniture Mfg. Corp.*, 460 B.R. 586, 591-92 (Bankr. W.D.N.Y. 2011) (waiving a state law applicable to a going out of business sale); *In re Circuit City Stores, Inc., et al.,* Case No. 08-35653-KRH (Bankr. E.D. Va. Jan. 16, 2009) ("The Sale at the Debtors' applicable retail store locations shall be conducted by the Debtors and the Agent without the necessity of compliance with any federal, state or local statute or ordinance . . . including ordinances establishing licensing or permitting requirements, waiting periods, time limits or bulk sale restrictions that would otherwise apply to the Sale") [Docket No. 1634]; *In re FFW Opco, Ltd., d/b/a Furniture Factory Warehouse*, Case No. 10-33761-HDH (Bankr. N.D. Tex. June 9, 2010) ("The Sale shall be conducted by FFW and PFP without the necessity of compliance with any federal, state, or local statute or ordinance (other than Safety Laws) . . . or licensing requirement") [Docket No. 61]; *In re Boscov's*, Case No. 08-11637 (KG) (Bankr. D. Del. Aug. 15, 2008) (ordering that "[g]overnmental units shall not fine, assess or otherwise penalize Debtors or Agent (or any of the landlords of the Closing Stores) for conducting or advertising the Store Closing Sales in a

manner inconsistent with Liquidation Sales Laws") [Docket No. 163]; *In re Coupounas, LLC d/b/a GoLite, LLC*, Case No. 14-23906-EEB (Bankr. D. Colo. Nov. 7, 2014) ("no person or entity, including but not limited to any landlord, licensor, or creditor, shall take any action to directly or indirectly prevent, interfere with, or otherwise hinder consummation of the Sale") [Docket No. 82]; *In re Coldwater Creek*, Case No. 14-10867 (BLS) (Bankr. D. Del. May 7, 2014) (stating that debtors were authorized to conduct the store closing sales under the terms of the order "without the necessity of further showing compliance" with liquidation laws) [Docket No. 355]. Accordingly, authorizing the Sale Motion and the sale to Blue Stripe without the delays and burdens associated with landlord approval provisions or state and local time limits or licenses is necessary and appropriate. The Debtors do not seek a general waiver of all state and local requirements, but only those that apply specifically to liquidation sales. In fact, the Debtors will comply with applicable state and local public health and safety laws, and applicable tax, labor, employment, environmental, and consumer protection laws, including those laws regulating deceptive practices and false advertising.

The Objections' arguments as to enforcement of lease-based restrictions not expressly speaking to GOB sales, but having a similar effect, are similarly unavailing. Courts regularly invalidate the limiting provisions of leases in connection with approval of GOB sales such as those proposed in the Sale Motion and by Blue Stripe. This includes "restrictions in pre-petition leases relating to signage, prohibitions or limitations on going out business sales, and the like." *In re Friedman's, Inc.*, 336 B.R. 880, 882 (Bankr. S.D. Ga. 2005) (overruling multiple landlord objections in favor of a liquidating retail debtor); *see also In re Circuit City Stores, Inc., et al.*, Case No. 08-35653-KRH (Bankr. E.D. Va. Jan. 16, 2009) ("The Sale at the Debtors' applicable retail store locations shall be conducted by the Debtors and the Agent without the necessity of

compliance with any . . . lease provision or licensing requirement affecting store closing, 'going out of business,' liquidation or auction sales, or affecting advertising, including signs, banners, posting of signage, and use of sign walkers") [Docket No. 1634]; *In re Alco Stores, Inc., et al.,* Case No. 14-34941-SGJ (Bankr. N.D. Tex. Nov. 20, 2014) ("the Sale shall be conducted by the Debtors and the Agent notwithstanding any restrictive provision of any lease, sublease or other agreement relative to occupancy affecting or purporting to restrict the conduct of the Sale, the rejection of leases, abandonment of assets or "going dark" or similar provisions.") [Docket No. 369];[2] *In re Metropark USA, Inc.,* Case No. 11-22866-RDD (Bankr. S.D.N.Y. May 6, 2011) ("The Court hereby confirms that any Contractual Restrictions . . . purporting to restrict or prohibit the Debtor from conducting store closing, liquidation or similar sales pursuant to the Sale Guidelines are unenforceable against the Debtor and its Agent in the above-captioned chapter 11 case"); *In re FFW Opco, Ltd., d/b/a Furniture Factory Warehouse*, Case No. 10-33761-HDH (Bankr. N.D. Tex. June 9, 2010) ("The Sale shall be conducted by FFW and PFP without the necessity of compliance with any . . . lease provision . . . affecting store closing, going out of business, bankruptcy liquidation or auction sales, or affecting advertising, including signs, banners, and posting of signage") [Docket No. 61]; *In re Coupounas, LLC d/b/a GoLite, LLC*, Case No. 14-23906-EEB (Bankr. D. Colo. Nov. 7, 2014) ("all such parties and persons . . . are prohibited and enjoined from . . . instituting any action or proceeding in any court or administrative body seeking . . . to recover damages for breach(es) of covenants or provisions in any lease, sublease or license based upon any relief authorized herein") [Docket No. 82].

---

[2] Orders containing substantially similar provisions may also be found in *In re Caché, Inc., et al.*, Case No. 15-10172-MFW (Bankr. D. Del. Mar. 6, 2015) [Docket No. 275]; *In re Filene's Basement, LLC, et al.*, Case No. 11-13511-KJC (Bankr. D. Del. Nov. 16, 2011) [Docket No. 189]; *In re KB Toys, Inc., et al.*, Case No. 04-10120-KJC (Bankr. D. Del. Jan. 28, 2004) [Docket No. 202]; and *In re RadioShack Corporation, et al.*, Case No. 15-10197-BLS (Bankr. D. Del. Feb. 9, 2015) [Docket No. 167], among other cases.

## II. The Landlords Seek Impermissible Enlargement of Their Non-Bankruptcy Rights

The relief sought by the Landlords is not only unsupported by case law and prevailing practice—it is at times even unsupported by the Landlords' own leases. The remaining live Objections are premised on leases that purport to ban liquidation and "fire" sales, including bankruptcy sales, with these leases containing broad, blanket restrictions. Yet, none of these landlords' leases actually contain an explicit provision prohibiting GOB Sales. Similarly, the objecting Landlords' provisions on signage, when restrictive, typically limit *any* sign, rather than being tailored to liquidation sales. These provisions have been held again and again to fail in light of the Debtors' statutory directive to generate returns for their creditors and prohibition on insolvency-related provisions.

The Landlords also object to certain liquidation practices, such as augmentation of inventory, in their Objections. Fortunately, neither Blue Stripe nor the Hilco/Gordon back up bid calls for augmentation of inventory. In any case, the Landlords who filed Objections signed leases with the Debtors that do not even *contain* anti-augmentation provisions. At best, these leases have clauses attempting to restrict generally the use of the Debtors' store locations. Thus, the Debtors submit that the Landlords should not be able to use mere repetition of one another's arguments as a means of enlarging their rights in this Court. The Sale Motion proposes generally accepted, commercially reasonable liquidation procedures. As demonstrated *supra*, courts regularly override objections such as the instant Landlords'.

For the foregoing reasons, the Objections should be overruled to the extent not resolved or mooted.

Dated this 11th day of May, 2015.

>Respectfully submitted,
>
>BROWNSTEIN HYATT FARBER SCHRECK, LLP
>
>   *s/Joshua M. Hantman*
>Michael J. Pankow, #21212
>Joshua M. Hantman, #42010
>Rafael R. Garcia-Salgado, #47382
>410 17th Street, Suite 2200
>Denver, Colorado 80202
>Telephone: (303) 223-1100
>Facsimile: (303) 223-1111
>mpankow@bhfs.com
>jhantman@bhfs.com
>rgarcia@bhfs.com
>
>*Attorneys for Debtors*