# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF COLORADO

| | |
|---|---|
| In re | Case No. 15-13485-MER |
| FRESH PRODUCE HOLDINGS, LLC, et al.[1] | Jointly Administered |
| Debtors. | Chapter 11 |

## ORDER CONFIRMING DEBTORS' JOINT LIQUIDATING CHAPTER 11 PLAN OF REORGANIZATION

This matter came before the Court pursuant to *The Debtors' Joint Liquidating Chapter 11 Plan of Reorganization*, dated July 31, 2015 (as modified by the Minor Modification (defined below), the "Plan")[2] (Docket No. 395), filed by Fresh Produce Holdings, LLC ("FPH"), Fresh Produce Retail, LLC, Fresh Produce Sportswear, LLC, Fresh Produce of St. Armands, LLC, FP Brogan-Sanibel Island LLC, and Fresh Produce Coconut Point, LLC (the "Subsidiary Debtors," and collectively with FPH, the "Debtors"), the debtors and debtors-in-possession in these jointly-administered Chapter 11 cases.

All parties in interest received notice and an opportunity to be heard regarding confirmation of the Plan. No objections to confirmation of the Plan were filed. On November 12, 2015 the Debtors filed their *Statement in Support of Plan Confirmation and Proposed Confirmation Order* and the *Declaration of Alex Smith in Support of Plan Confirmation* (the "Smith Declaration") in support of confirmation of the Plan. On November 12, 2015, the Debtors filed their *Minor Plan Modification Pursuant to Rule 3019(a)* (the "Minor Modification").

Based upon the Plan, the Disclosure Statement, the evidence submitted to the Court, the representations of the parties, and the record before the Court in this case,

THE COURT FINDS AND CONCLUDES AS FOLLOWS:

A.   The Court has jurisdiction and is empowered to enter a final and dispositive order pursuant to 28 U.S.C. § 157 (b)(2)(A), (I), (L), (N), and (O) and § 1334.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number include: Fresh Produce Holdings, LLC (2945); Fresh Produce Retail, LLC (5124); Fresh Produce Sportswear, LLC (1339); Fresh Produce of St. Armands, LLC (2806); FP Brogan-Sanibel Island LLC (2574); and Fresh Produce Coconut Point, LLC (5784). The location of the Debtors' service address is:  2865 Wilderness Place, Boulder, Colorado 80301.
[2] Capitalized terms used but not otherwise defined in this Order shall have the meanings ascribed to such terms in the Plan.

B. The Plan provides for liquidation of the Debtors' assets and payment to creditors by a disinterested Plan Administrator appointed under the Plan.

C. There is good cause to confirm the Plan.

D. All parties in interest and known creditors of the Debtors have received notice and have had an opportunity to object to confirmation of the Plan and to appear and participate before the Court. No objections to the Plan or requests for a hearing were filed, and thus the Court did not hold a hearing on confirmation of the Plan.

E. The Plan satisfies all requirements for confirmation of the Plan pursuant to 11 U.S.C. §§ 101, et seq. (the "Bankruptcy Code").

F. The Plan complies with the applicable provisions of the Bankruptcy Code and therefore meets the requirements of Bankruptcy Code § 1129(a)(1) for the following reasons:

i. The Plan satisfies Bankruptcy Code § 1122(a) as the classification scheme is reasonable and necessary to implement the Plan, and each of the claims or interests within each particular class is substantially similar to the other claims or interests in such class.

ii. The Plan satisfies Bankruptcy Code § 1123(a) as the Plan fully complies with each of the applicable requirements set forth therein.

iii. The Plan satisfies Bankruptcy Code § 1123(b) as all provisions of the Plan are consistent with the permissive provisions that may be incorporated into a plan under § 1123(b).

G. The proponents of the Plan have complied with all applicable provisions of the Bankruptcy Code, including the requirements of Bankruptcy Code § 1125 in connection with disclosures and solicitation of acceptances of the Plan, and the proponents, therefore, have satisfied the requirements of Bankruptcy Code § 1129(a)(2).

H. The Plan was proposed by the proponents in good faith and not by any means forbidden by law because the Plan was proposed with a reasonable belief in the likelihood that the Plan would achieve its intended results, which are consistent with the purposes of the Bankruptcy Code. Accordingly, the Plan satisfies the requirements of Bankruptcy Code § 1129(a)(3).

I. The Plan provides that all fees and expenses remain subject to final review for reasonableness under Bankruptcy Code § 330. Accordingly, the Plan satisfies the requirements of Bankruptcy Code § 1129(a)(4).

J. To the extent possible, the Plan discloses the identity and affiliations of any individual who, after confirmation, will serve as a director, officer, or voting trustee of the

Debtors, any affiliate of the Debtors participating in a joint plan, or a successor to the Debtors. The service of such individuals is consistent with the interests of creditors and equity security holders and with public policy. As set forth in Section 8.02 of the Plan, the Plan Administrator shall be Ronald J. Friedman, whose actions in such capacity shall be subject to the consent of the Post Effective Date Committee. Accordingly, the Plan satisfies the requirements of Bankruptcy Code § 1129(a)(5)(A).

K. Bankruptcy Code § 1129(a)(6) is inapplicable to the Plan.

L. The Plan provides that: (i) it be accepted by each holder of a claim or interest within each class, or (ii) each non-accepting claimholder will receive at least as much under the Plan as it would receive in a Chapter 7 liquidation. Accordingly, the Plan satisfies the "best interests of creditors" test under Bankruptcy Code § 1129(a)(7).

M. With respect to Classes 1, 2, and 3, each class has accepted the Plan or such class is not impaired under the Plan. Class 4 (Equity Interests) is impaired under the Plan and deemed to reject the Plan. The Plan thus does not satisfy the requirements of Bankruptcy Code § 1129(a)(8) with respect to Class 4 (Equity Interests). However, the Plan is fair and equitable and does not discriminate against Holders of Class 4 interests within the meaning of Bankruptcy Code § 1129(b)(1) and (b)(2)(C) because (i) Class 4 interests have no value, and (ii) no holder of any interest that is junior to the interests of the Holders of Class 4 Interests will receive or retain any value under the Plan. Accordingly, the Plan may be confirmed notwithstanding that it does not meet the requirements of Bankruptcy Code § 1129(a)(8).

N. The Plan provides that all allowed claims under Bankruptcy Code § 507(a)(2), other than the claims of professionals, are Allowed Administrative Expense Claims to be paid on the later of either (i) the Effective Date or as soon thereafter as is reasonably practicable, or (ii) the date that is 14 days after the Administrative Expense Claim is Allowed. There are no claims under Bankruptcy Code § 507(a)(3) in these voluntary cases. The Plan further provides for payment of professional fees after approval of such professionals' fee applications. Accordingly, the Plan satisfies the confirmation requirements of Bankruptcy Code § 1129(a)(9)(A).

O. The Plan provides that any allowed claims under Bankruptcy Code § 507(a)(1) and (4) through (7) are Allowed Priority Non-Tax Claims and will be paid in full under the Plan on the later of the Effective Date or the date such claim becomes an Allowed Claim, unless the Holder of such Claim agrees to a different date of payment. Accordingly, the Plan satisfies the requirements of Bankruptcy Code § 1129(a)(9)(B).

P. The Plan provides that any allowed claims under Bankruptcy Code § 507(a)(8) are Allowed Priority Tax Claims and will be paid in full on the Effective Date, or as soon thereafter as is reasonably practicable, unless the Holder of such Allowed Priority Tax Claim agrees to different treatment. Accordingly, the Plan satisfies the requirements of Bankruptcy Code § 1129(a)(9)(C).

Q. As evidenced by the ballot report submitted by the Debtors, the Plan has been accepted by at least one impaired class, determined without including any acceptance of the Plan by any insider. Accordingly, the Plan satisfies the requirements of Bankruptcy Code § 1129(a)(10).

R. The Plan provides for the liquidation of the Estates' assets. Therefore, the Plan satisfies the requirements of Bankruptcy Code § 1129(a)(11).

S. The Plan provides that the filing fees and the United States Trustee fees listed in 28 U.S.C. § 1930 will be paid in full on the Effective Date of the Plan. Accordingly, the Plan satisfies the requirements of Bankruptcy Code § 1129(a)(12).

T. Bankruptcy Code §§ 1129(a)(13)-(16) are inapplicable to the Plan.

U. Based on the Plan, the Disclosure Statement, the Smith Declaration, and the record in these Chapter 11 cases, cause exists to substantively consolidate the Debtors for all purposes and actions associated with confirmation and consummation of the Plan, as provided in Section 8.07 of the Plan.

V. The provisions of the Plan constitute a good faith compromise and settlement of all Claims, interests, and controversies resolved pursuant to the Plan or relating to the contractual, legal and subordination rights that a Holder of a Claim or interest may have with respect to any Claim or interest, or any Distribution to be made on account of such Claim or interest. Such compromise and settlement is in the best interests of the Debtors, their Estates and Holders of Claims and interests and is fair, equitable and reasonable.

WHEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED THAT:

1. The Plan is confirmed. The terms of the Plan are incorporated by reference into this Order as if fully set forth herein.

2. The Debtors and the Plan Administrator are authorized to take or cause to be taken all actions necessary to implement and effectuate the provisions of the Plan.

3. Pursuant to the Plan, on the Effective Date, all property, assets, and rights of the Debtors shall remain vested in the Estates, or vest in the Estates, as the case may be, until entry of the final decree in this case and shall be free and clear of all claims and interests of creditors and equity security holders, except as expressly provided in the Plan.

4. Pursuant to and subject to the terms of the Plan, on the Effective Date, all of the powers and duties of the Debtors shall vest in the Plan Administrator, whose actions in such capacity shall be subject to the consent of the Post Effective Date Committee.

5. Pursuant to Bankruptcy Code § 1146, the issuance, transfer, or exchange of any security, or the making, delivery, filing, or recoding of any instrument of transfer under the Plan may not be taxed under any law imposing a stamp tax or similar tax.

6. On the Confirmation Date, and effective on and after the Effective Date, the Estate of each of the Debtors shall be substantively consolidated into the Estate of FPH for all purposes associated with confirmation and consummation of the Plan. On and after the Effective Date, (a) all assets and liabilities of the Debtors shall be treated as though they were merged into the FPH Estate, (b) for all purposes associated with confirmation, the Estates of the Debtors shall be deemed to be one consolidated Estate, and (c) each and every Claim filed or to be filed in the Chapter 11 Cases of the Debtors shall be deemed filed against the Debtors, and shall be Claims against and obligations of the Debtors.

7. Pursuant to §§ 365(a) and 1123(b)(2) of the Bankruptcy Code, all executory contracts and unexpired leases that exist between any of the Debtors and any party that have not been previously assumed pursuant to an order of the Bankruptcy Court shall be deemed rejected on the Effective Date. With respect to Claims arising from the rejection of executory contracts or unexpired leases pursuant to Section 7.01 of the Plan, the bar date to file Proofs of Claim in these Cases shall be reopened for a period of 28 days after the Effective Date, and all such Proofs of Claim must be filed with the Bankruptcy Court during that time. Any Claim arising from the rejection of an executory contract or unexpired lease pursuant to Section 7.01 of the Plan for which a Proof of Claim is not timely filed within that time period shall be forever barred from assertion against the Estates, their successors and assigns, or their assets and properties, unless otherwise ordered by this Court or as otherwise provided herein.

8. The deadline for filing an Administrative Expense Claim (other than post-petition operating expenses or professional fees) shall be 28 days after the Effective Date.

9. All Professionals seeking payment of professional fees or reimbursement of expenses incurred through and including the Effective Date under § 503(b)(2), (3), (4) or (5) of the Bankruptcy Code shall file their respective final applications on or before the date that is 45 days after the Effective Date. The Professional Fees shall be paid from Cash on hand by the Plan Administrator.

10. The Debtors, any of their employees, advisors, counsel, and agents, and the Creditors' Committee and its counsel, shall neither have nor incur any liability to any Holder of a Claim, or any party acting or asserting a claim through a Holder of a Claim, for any act or omission in connection with, related to, or arising out of, the Chapter 11 Cases, the pursuit of confirmation of the Plan, the consummation of the Plan, the administration of the Plan or the property to be distributed under the Plan, except for willful misconduct or gross negligence, and, in all respects, the Debtors and the Creditors' Committee shall be entitled to rely upon the advice of counsel with respect to their duties and responsibilities under the Plan.

11. Pursuant to section 1123 of the Bankruptcy Code and Bankruptcy Rule 9019 and in consideration for the classification, Distributions, releases and other benefits provided

pursuant to the Plan, on the Effective Date, the provisions of the Plan shall constitute a good faith compromise and settlement of all Claims, interests and controversies resolved pursuant to the Plan or relating to the contractual, legal and subordination rights that a Holder of a Claim or interest may have with respect to any Claim or interest, or any Distribution to be made on account of such Claim or interest, which compromise and settlement is hereby approved.

12. Pursuant to Section 8.02(c) of the Plan, as modified by the Minor Modification, the Vernon Claims shall be deemed waived unless the Plan Administrator files them on or before December 15, 2015.

13. The failure to reference or discuss any particular provision of the Plan herein shall have no effect on the validity, binding effect, and enforceability of such provision, and such provision is incorporated herein and shall have the same validity, binding effect, and enforceability as every other provision of the Plan.

14. If any provision hereof is hereafter modified, vacated, or reversed by order of this Court or any other court, such reversal, modification, or vacateur shall not affect the validity of the obligations incurred or undertaken under or in connection with the Plan prior to receipt by the Debtors and the Plan Administrator of written notice of any such order; nor shall such reversal, modification, or vacation hereof affect the validity or enforceability of such obligations. Notwithstanding any reversal, modification, or vacation hereof, any such obligation incurred or undertaken pursuant to and in reliance of this Order prior to the effective date of such reversal, modification, or vacation shall be governed in all respects by the provisions hereof and of the Plan, and all documents, instruments, and agreements related thereto, or any amendments or modifications thereto.

15. Notwithstanding the entry of this Order confirming the Plan, the Court shall retain jurisdiction of all matters arising out of and related to the Debtors' Chapter 11 cases and the Plan, and as specifically set forth in Article X of the Plan, including, but not limited to, jurisdiction to (i) determine disputes arising in connection with the interpretation, implementation or enforcement of the Plan, and (ii) determine disputes arising in connection with the recovery of all assets of the Debtors and property of the Estates, wherever located.

Dated this __13th__ day of November, 2015.

BY THE COURT:

Michael E. Romero, Chief Judge
United States Bankruptcy Court